**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, CARMEN FEBO SAN MIGUEL, JAMES SOLOMON, JOHN GREINER, JOHN CAPOWSKI, GRETCHEN BRANDT, THOMAS RENTSCHLER, MARY ELIZABETH LAWN, LISA ISAACS, DON LANCASTER, JORDI COMAS, ROBERT SMITH, WILLIAM MARX, RICHARD MANTELL, PRISCILLA MCNULTY, THOMAS ULRICH, ROBERT MCKINSTRY, MARK LICHTY, LORRAINE PETROSKY , | : No. 159 MM 2017<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Petitioners | :<br>:<br>:<br>: |
| v. | :<br>: |
| THE COMMONWEALTH OF PENNSYLVANIA; THE PENNSYLVANIA GENERAL ASSEMBLY; THOMAS W. WOLF, IN HIS CAPACITY AS GOVERNOR OF PENNSYLVANIA; MICHAEL J. STACK III, IN HIS CAPACITY AS LIEUTENANT GOVERNOR OF PENNSYLVANIA AND PRESIDENT OF THE PENNSYLVANIA SENATE; MICHAEL C. TURZAI, IN HIS CAPACITY AS SPEAKER OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES; JOSEPH B. SCARNATI III, IN HIS CAPACITY AS PENNSYLVANIA SENATE PRESIDENT PRO TEMPORE; ROBERT TORRES, IN HIS CAPACITY AS ACTING SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA; JONATHAN M. MARKS, IN HIS CAPACITY AS COMMISSIONER OF THE BUREAU OF COMMISSIONS, ELECTIONS, AND LEGISLATION OF | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

THE PENNSYLVANIA DEPARTMENT OF     :
STATE,                             :
                                   :
         Respondents               :


**DISSENTING STATEMENT**


**CHIEF JUSTICE SAYLOR**                    **FILED:  January 22, 2018**


Consistent with my previous vote disfavoring the assumption of extraordinary jurisdiction, I agree with the Commonwealth Court's original position that it would have been appropriate to stay this matter pending anticipated guidance from the Supreme Court of the United States in *Gill v. Whitford*, No. 16-1161 (U.S.).  *See* Order dated Oct. 16, 2017, in *League of Women Voters of Pa. v. Commonwealth*, No. 261 M.D. 2017 (Pa. Cmwlth.).  Indeed, the Supreme Court has stayed a series of recent federal court directives to state legislatures in cases lodging partisan gerrymandering challenges pending its review, most recently, as of last week.  *See* Order dated Jan. 18, 2018, in *Rucho v. Common Cause*, No. 17A745 (U.S.).  I hold the view that restraint is appropriate, particularly in light of the timing of the present challenge to a congressional redistricting plan that was enacted in 2011 and the proximity of the impending 2018 election cycle.  *Cf.* Concurring and Dissenting Statement, *slip op.* at 3-4 (Baer, J.).

The crafting of congressional district boundaries is quintessentially a political endeavor assigned to state legislatures by the United States Constitution.  *See* U.S. CONST. art. I, §4.  Notably, certain political objectives – such as the aim to avoid pitting incumbents against each other or to maintain the cores of prior districts – have been recognized as traditional redistricting criteria.  *See Karcher v. Daggett*, 462 U.S. 725, 740, 103 S. Ct. 2653, 2663 (1983).  Federal and state courts also appreciate the

propriety of preserving communities of interest which may not overlap with political subdivision lines. *See, e.g., Evenwel v. Abbott*, ___ U.S. ___, ___, 136 S. Ct. 1120, 1124 (2016); *Holt v. 2011 Legislative Reapportionment Comm'n*, 620 Pa. 373, 422-23, 67 A.3d 1211, 1241 (2013). Furthermore, in terms of such communities, it seems plain that legislators are in a superior position to address their interests. *Accord Vieth v. Jubelirer*, 541 U.S. 267, 358, 124 S. Ct. 1769, 1824 (2004) (Breyer, J., dissenting) ("It is precisely *because* politicians are best able to predict the effects of boundary changes that the districts they design usually make some political sense." (emphasis in original)).

To the extent that a judicially manageable standard can be articulated in this arena, I believe the proper litmus should abide such considerations. I also consider it appropriate to take into account matters of degree relative to the inevitable political and partisan dynamics associated with redistricting by a legislative body.

I realize that the recommended factual findings of Judge Brobson of the Commonwealth Court raise substantial concerns as to the constitutional viability of Pennsylvania's current congressional districts when considered under standards that have recently been applied by some federal courts in decisions, which, again, are under review by the United States Supreme Court. My position at this juncture is only that I would not presently upset those districts, in such an extraordinarily compressed fashion, and without clarifying – for the benefit of the General Assembly and the public – the constitutional standards by which districting is now being adjudged in Pennsylvania.

Justice Mundy joins this dissenting statement.